**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANDRE L. HART,  <br>  Plaintiff,  <br>  v.  <br> SGT. K. JOHNSON, et al.,  <br>  Defendants. | No. C 08-00648 CW (PR)  <br> ORDER OF SERVICE AND REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM |

Plaintiff Andre L. Hart, a state prisoner currently incarcerated at the California State Prison - Corcoran (Corcoran), has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that prison officials at Salinas Valley State Prison (SVSP) were deliberately indifferent to his safety. His motion for leave to proceed in forma pauperis has been granted.

BACKGROUND

Plaintiff alleges that, on December 30, 2006, Defendant SVSP Correctional Sergeant K. Johnson was deliberately indifferent to his safety by placing him in a cell with inmate Venson, a "documented enemy." (Compl. at 3.) After Plaintiff was placed inside the cell, inmate Venson "approached the food/cuff port to have his handcuffs removed." (Compl., Ex. A, Incident Report Part A1 at 2.) "As soon as [inmate Venson's] handcuffs were removed, he immediately charged at [Plaintiff], and swung with a closed fist at the head and upper torso area of [Plaintiff]." (Id.) Throughout the assault, Plaintiff was handcuffed and unable to defend himself. (Id.)

Plaintiff also claims that Defendant SVSP Correctional Officer L. Stepp was deliberately indifferent to Plaintiff's safety by failing to intervene "because [Defendant Stepp] was suppose[d] to

intervene and not allow the malicious and intentional act of placing plaintiff into a cell with a known documented enemy which place[d] plaintiff's life in jeopardy . . . ." (Compl. Attach., Statement of Claim at 1.)

Plaintiff alleges a supervisory liability claim against an unnamed SVSP Correctional Lieutenant at Facility D, whom he refers to as "John Doe Lt.," for allowing Defendant Johnson to place him in a cell with inmate Venson. (Compl. at 2.)

Plaintiff seeks injunctive relief and monetary damages for his physical and emotional injuries.

## DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

2

II.  Legal Claims

    A.   Injunctive Relief Claims

Plaintiff seeks both injunctive relief and money damages.  The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution.  Pub. Util. Comm'n of State of Cal. v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996).  A claim is considered moot if it has lost its character as a present, live controversy and if no effective relief can be granted; where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented.  Flast v. Cohen, 392 U.S. 83, 95 (1968).  Where injunctive relief is requested, questions of mootness are determined in light of the present circumstances.  See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot.  See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  A claim that the inmate might be re-transferred to the prison where the injury occurred is too speculative to overcome mootness.  Id.

Because all Plaintiff's claims for injunctive relief are against SVSP officials and he is no longer incarcerated at SVSP, his claims are DISMISSED as moot.  See Mitchell, 75 F.3d at 528.

    B.   Deliberate Indifference to Safety Needs

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures

for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). In particular, officials have a duty to protect inmates from violence at the hands of other inmates. See id. at 833. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. at 834.

Liberally construed, the allegations of the complaint state a cognizable Eighth Amendment claim against Defendants Johnson and Stepp for deliberate indifference to Plaintiff's safety.

III. Doe Defendant

Plaintiff identifies Defendant "John Doe Lt." as a Doe Defendant whose name he intends to learn through discovery. (Compl. Attach., Statement of Claim at 2.) The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, the claims against Defendant "John Doe Lt." are DISMISSED from this action without prejudice. Should Plaintiff learn that Defendant's identity he may move to file an amendment to the complaint to add him as a named defendant. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003). However, if Plaintiff is alleging that Defendant "John Doe Lt." is liable as

4

a supervisor, he must allege Defendant "John Doe Lt." "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

IV. Pro Se Prisoner Settlement Program

The Northern District of California has established a Pro Se Prisoner Settlement Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Nandor Vadas. The conferences shall be conducted at Corcoran with Defendants and/or the representative for Defendants attending by videoconferencing if they so choose.

Good cause appearing, the present case will be REFERRED to Magistrate Judge Vadas for settlement proceedings pursuant to the

Pro Se Prisoner Settlement Program.  The proceedings shall take place within one-hundred twenty (120) days after the date of this Order, or as soon thereafter as is convenient to the magistrate judge's calendar.  Magistrate Judge Vadas shall coordinate a time and date for a settlement proceeding with all interested parties and/or their representatives and, within ten (10) days after the conclusion of the settlement proceedings, file with the Court a report regarding the settlement proceedings.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims for injunctive relief are DISMISSED as moot.

2. Plaintiff has adequately alleged a cognizable Eighth Amendment claim against Defendants Johnson and Stepp for deliberate indifference to his safety.

3. Plaintiff's claims against Defendant "John Doe Lt." are DISMISSED without prejudice.

4. Plaintiff's action is referred to the Pro Se Prisoner Settlement Program.  <u>The Clerk of the Court shall provide a copy of the court documents that are not available electronically, and a copy of this Order, to Magistrate Judge Vadas in Eureka, California.</u>

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to <u>Defendants SVSP Correctional Sergeant K. Johnson and SVSP Correctional Officer L. Stepp</u>.  The Clerk of the Court shall also mail a copy of the

complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

   6.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

   7.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

      a.  No later than <u>ninety (90) days</u> from the date their

7

answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. If Defendants wish to file a reply brief, they shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or

Defendants' counsel.

10.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

11.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 10/21/08

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANDRE L. HART,

        Plaintiff,

  v.

K. JOHNSON et al,

        Defendant.

Case Number: CV08-00648 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andre L. Hart D-18158
Corcoran State Prison
P.O. Box 3481
Corcoran, CA 93212

Magistrate Judge Nandor Vadas
U.S. District Court
514 H Street
P.O. Box 1306
Eureka, CA 95502

Dated: October 21, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.08\Hart0648.Service&Vadas.frm    11